## SLOAN *v.* WOODWARD.
[S. C. 35 Pac. Rep. 450.]

APPEAL from Multnomah: LOYAL B. STEARNS, Judge.

This was a suit in equity brought by Ona Watson Sloan, personally and as administratrix of the estate of Andrew J. Watson, deceased, and F. R. Osborn, the guardian *ad litem* of Grace Watson, Alfred P. Watson, and Ona P. Watson, the minor children of said Andrew J. Watson, against John H. and Charles H. Woodward, with their wives, and the Portland Trust Company, to have John H. Woodward declared a trustee of certain lands. The matter having been referred to Wm. T. Muir, Esq., he reported that Woodward ought to be charged as trustee of part of the land. This report having been confirmed, both parties now appeal.

REVERSED AND DISMISSED.

*Mr. Thos. N. Strong* ( *Mr. John T. Milner* on the brief), for Plaintiff.

*Messrs. Wm. M. Gregory* and *John H. Woodward,* for Defendants.

Opinion by MR. JUSTICE BEAN.

This is a suit to have the defendants declared to be trustees for plaintiffs of certain real property in Multnomah County, and arises out of the following facts: On June fourteenth, eighteen hundred and eighty-four, A. J. Watson was the owner of a promissory note for fifteen thousand dollars and sundry accounts against A. P. Ankeny, which were considered of doubtful value. On

that day he assigned and transferred said note and accounts to the defendant John H. Woodward, who was then, and had been for some time, his attorney, and in consideration thereof Woodward gave him ten dollars in cash and the following promissory note:—

"$15,490. For value received, on demand, after recovery from Alexander P. Ankeny, I promise to pay Andrew J. Watson, or order, fifteen thousand four hundred and ninety dollars, with interest after date at ten per cent per annum, out of the first moneys collected by me from Alexander P. Ankeny upon note and accounts this day indorsed and assigned to me by said Watson, after first paying costs and expenses of collection, including reasonable attorney's fees.

"JOHN H. WOODWARD.
"Dated at Portland, June 14, 1884."

Woodward immediately commenced an action against Ankeny on the note and accounts thus assigned, which on April twenty-fourth, eighteen hundred and eighty-six, resulted in a judgment in his favor for fifteen thousand six hundred dollars. In November, eighteen hundred and eighty-seven, Watson died, and the plaintiff, Ona Watson Sloan, was duly appointed as administratrix of his estate, and the firm ·of which the defendant Woodward is a member acted as her attorneys in the settlement thereof. On May eleventh, eighteen hundred and eighty-eight, Woodward caused to be sold, under an execution issued on his judgment, Ankeny's interest in what is known in the record as the "Ankeny and Cadwell Tract of Land," which at that time was supposed to be an undivided half of eighty-five and thirty-one hundredths acres, bidding it in himself for three thousand dollars, which amount was credited on the judgment. Prior to the sale under the Woodward judgment, the other undi-

vided half had been sold under a decree of foreclosure against Ankeny in favor of Allen & Lewis, to which Woodward was a party, and bid in by Mr. Lewis for twelve hundred and ten dollars, but was subsequently redeemed by Woodward from his private funds and for his own benefit. As soon as he received the deed from the sheriff for the land purchased under his judgment,— also for that redeemed from Allen & Lewis,— he informed the administratrix of the Watson estate what had been done, and that the estate had no interest in the land redeemed from Allen & Lewis, but that he had made inquiry as to the value of the land purchased by him under his judgment, and was satisfied that fifty dollars an acre was an outside limit, and, on that basis, there was one thousand dollars coming to the estate, after deducting the costs and expenses of collection, and one thousand dollars for attorney fees, which he would pay over as soon as he could sell the land, or would deed to her so much thereof as would amount in value to one thousand dollars, and she could account to the estate for the money. To this last proposition she consented, and a deed for twenty-one acres was accordingly executed and delivered to her, she receipting as administratrix to Woodward for the one thousand dollars and charging herself therewith in her account as administratrix.

It is now contended, and this suit is brought by plaintiff upon the theory, that the transfer of the note and accounts to Woodward by Watson in eighteen hundred and eighty-four was for collection only, and that the judgment recovered thereon, and the land purchased thereunder, were and are held by him in trust for the estate; and this is the pivotal point in the case, for if it was an absolute sale and purchase, the judgment and land purchased thereunder belonged to Woodward, and he only became liable to the estate on his note for the

value thereof less the costs and attorney fees, and, as a consequence, this suit must fail. If, however, he held the note and accounts for collection only, he acquired the land as trustee for the estate, and must account for it as such. The record is voluminous, but it seems to us there is no substantial controversy in the evidence upon this point. The transfer from Watson to Woodward was absolute in form, and Judge Woodward, whose testimony is frank and open, and who stands uncontradicted and unimpeached, testified that he purchased the note and accounts against Ankeny, amounting on their face to something over eighteen thousand dollars, for fifteen thousand five hundred dollars, of which he paid ten dollars in cash at the time, and gave the note set out for the remaining fifteen thousand four hundred and ninety dollars; that this transfer was intended and understood by both parties to be an absolute sale and transfer of the note and accounts, and that Watson was henceforth to look to Woodward, and not to Ankeny, for his money. The finding of the referee and court below was in accordance with this testimony, and indeed we are unable to see how any other finding could be sustained. It necessarily follows from this that if, as the court below seemed to think, Woodward has not paid over to the estate on his note the entire proceeds realized on his judgment against Ankeny, the remedy is by an action on the note, and not by a suit to have him declared a trustee of the land purchased and acquired by him under his judgment. This suit can be maintained only on the theory that, as alleged in the complaint, the transfer of the Ankeny note and accounts to Woodward, while in form absolute, was "meant and intended by all parties to be for collection only," and when this allegation fails, the suit is at an end, whatever the rights of the plaintiff might be in an action against Woodward on his note.

It is proper to say, however, that this decision has no reference to the disputed title acquired by Woodward in what is known in the record as the "Cadwell Tract," because in his answer he disclaims title thereto and expresses a willingness, if its title is determined in his favor, to sell and dispose of the land and pay the proceeds over to the estate. From what has been said it necessarily follows that the decree of the court below must be reversed and the complaint dismissed.

REVERSED.